## JEAN v. AETNA LIFE INSURANCE COMPANY
### Case No. 83-3387-CC12
County Court, Volusia County

April 2, 1984

**APPEARANCES OF COUNSEL**

**William H. Seitz** for plaintiff.

**Lester A. Lewis** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard upon the stipulation of the parties as to the facts in this case, for the Court to determine whether or not the plaintiff is entitled to personal injury protection benefits.

The plaintiff was involved in an accident on August 16, 1981 in the parking lot of the Riviera Country Club, when, while operating a golf cart, he was involved in a collision with a motor vehicle being operated by another party.

It was stipulated that the plaintiff was operating a three-wheeled golf

cart, driven and propelled by electrical power and was not of the type that was licensed or designed for use on the public highways of the State of Florida.

Sections 627.730–627.7405 Florida Statutes, known as the "Florida Motor Vehicle Non-fault Law", provides for medical, surgical, funeral and disability insurance benefits without regard to fault, or "motor vehicles" required to be registered in this State, with respect to "motor vehicle" accidents.

Section 627.732(1) defines motor vehicles as:

"Any self propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of this State . . . ."

Section 627.736(4)(d)(1) Florida Statutes provides:

"The insuror of the owner of a motor vehicle shall pay personal injury protection benefits for:

1. "Accidental bodily injury sustained in this State by the owner while occupying a motor vehicle, or while not an occupant of a self propelled vehicle if the injury is caused by physical contact with a motor vehicle."

By stipulation of the parties that the golf cart in question was three wheels and not the type of a vehicle that was licensed or designed for the use on the public highways of the State of Florida, the Court finds that as a matter of law that a golf cart is not a motor vehicle as defined in Section 627.732 Florida Statutes.

As a matter of fact, golf carts are exempt from licensing under Chapter 320 Florida Statutes and their use on highways is limited. (See Section 316.212 F.S.)

The defendant contends however that notwithstanding the definition of a motor vehicle as defined in the statute, a golf cart is a "self propelled vehicle" and the plaintiff, being an occupant in it at the time of the collision, is not entitled to benefits.

It is true that mechanically a golf cart is self propelled, but so is an electric wheelchair used by handicapped persons. Another example of a self propelled vehicle other than a motor vehicle would be electrical luggage carts utilized at airports. Would the defendant contend that a handicapped person, while in his electric wheelchair crossing a highway and hit by a motor vehicle, is not entitled to personal injury benefits? How about the driver of the luggage cart who, while trans-

porting luggage at an airport, is struck by a motor vehicle about to be parked at the airport?

Both of these examples indicate that the occupant was on a self propelled vehicle, but does it come within the definition and the intentions of the legislature under Chapter 627? I think not.

Counsel has submitted two cases involving mopeds. One case *(State Farm Mutual Automobile Insurance v. Link,* 416 So.2d 875) holds that mopeds are not a "self propelled vehicle" and the other case *(Velez v. Criterian Insurance Company* 9 F.L.W. 278) holds that the appellant was barred from receiving personal injury protection benefits because he was riding his moped at the time of the accident.

However, mopeds are different than golf carts. As pointed out herein, golf carts are exempt from licensing under the motor vehicle license statute and have only a limited access to the highways, whereas mopeds are required to be licensed (Section 320.0803 F.S.) and have unlimited access to the highways of the State of Florida, subject to all traffic regulations.

Unfortunately the legislature, although defining a motor vehicle, did not define a "self propelled vehicle", but this Court feels that the legislature intended that the "self propelled vehicle" mentioned in Section 627.736(4)(d)(1) are ones that are designed and licensed for use on the highways of this State and defined in Section 627.732(1) Florida Statutes. A golf cart does not meet this criteria.

In *State Farm v. Link* (supra), the Court made an observation that "had it intended to limit recovery under P.I.P. solely to pedestrians, the legislature could have simply stated so".

Here, the plaintiff was really nothing more or less than a mobile or glorified "pedestrian" using a golf cart in the parking lot of a golf course to either put in or take out golf clubs from his automobile.

The Court therefore finds that the plaintiff is entitled to P.I.P. benefits and will enter a judgment in his favor upon presentation by counsel for the plaintiff of a proposed final judgment for the amount stipulated as being owed.